IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MEAH DESMARE and
NORMA GARNAND,

     Plaintiffs,

v.                                                                             No. CIV 07-199 JB/RHS

STATE OF NEW MEXICO and
TED McCUTCHEON, Individually,

     Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Ted McCutcheon's Motion to Bifurcate Trials, filed July 11, 2007 (Doc. 24)("Motion to Bifurcate"). The primary issue is whether the Court should bifurcate the trial of the claims that Plaintiffs Meah Desmare and Norma Garnand (the "Plaintiffs") raise against Defendant State of New Mexico (the "State") from those Desmare raises against Defendant Ted McCutcheon. Because the Court agrees that evidence of past acts of sexual harassment is highly prejudicial to McCutcheon, that the evidence is likely relevant and admissible with respect to the Plaintiffs' claim against the State, but may not be relevant or admissible to prove the claims the Plaintiffs raise against McCutcheon, and that it is possible that bifurcating the trial may promote judicial efficiency in this case, the Court will grant McCutcheon's motion. Because discovery is not yet complete in this case, the Court will grant the motion without prejudice to the Plaintiffs filing a motion for reconsideration, if, after discovery, the Plaintiffs can identify a proper purpose under rule 404(b) for the admission of evidence of prior bad acts against McCutcheon.

## **PROCEDURAL BACKGROUND**

This case arises from allegations of sexual harassment that the Plaintiffs raise against the State and McCutcheon. See Memorandum in Support of Defendant Ted McCutcheon's Motion to Bifurcate Trials at 1, filed July 11, 2007 (Doc. 25)("McCutcheon's Memorandum"). At the time the sexual harassment is alleged to have occurred, the Plaintiffs were employees of the State's Administrative Office of the Courts ("AOC") at the Otero County, New Mexico Magistrate Court; McCutcheon was a New Mexico Magistrate Judge. See id.

The Plaintiffs filed their Complaint in this case on February 27, 2007. See Complaint, filed February 27, 2007 (Doc. 1). In the Complaint, both Plaintiffs assert a claim against the State for sexual harassment based on a theory of hostile-work environment in violation of Title VII. See id. ¶¶ 36-43, at 7-9. Desmare also asserts two additional claims against McCutcheon: (i) a claim for violation of her civil rights brought pursuant to 42 U.S.C. § 1983, see id. ¶¶ 44-48, at 9-10; and (ii) a state-law tort claim for assault and battery, see id. ¶¶ 49-54, at 10-11.

On July 11, 2007, McCutcheon filed his motion to bifurcate the trial of the Plaintiffs' claims against him from the claim against the State. McCutcheon asserts that, in defending against the hostile-work environment claim, the State intends to introduce evidence of past allegations of sexual harassment against McCutcheon to show that it made reasonable efforts to cure any misbehavior. See McCutcheon's Memorandum at 3. McCutcheon argues that the evidence that the State will present in its defense against the Plaintiffs' hostile-work environment claim will include evidence that is irrelevant and unfairly prejudicial to him. See id. at 1-2. McCutcheon also argues that, pursuant to rule 404(b) of the Federal Rules of Evidence, this evidence will be inadmissible in the case against him. See McCutcheon's Memorandum at 3.

On July 19, 2007, the Plaintiffs filed a Response in opposition to McCutcheon's motion to bifurcate. See Plaintiffs' Response to Defendant McCutcheon's Motion to Bifurcate Trials, filed July 19, 2007 (Doc. 31)("Plaintiffs' Response"). The Plaintiffs maintain that evidence of McCutcheon's alleged prior sexual harassment is admissible to establish liability and punitive damages against both the State and against McCutcheon. See id. at 1.

The State has not filed a written response to McCutcheon's motion to bifurcate. McCutcheon represents that he has contacted the State's counsel, and that the State does not oppose this motion.

**RULE 42**

Rule 42(b) of the Federal Rules of Civil Procedure grants trial courts discretion to select specified claims or issues and decide them before proceeding to other matters in the same case where such bifurcation is "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Fed. R. Civ. P. 42(b). The bifurcation of issues is appropriate "if such interests favor separation of issues and the issues are clearly separable." Palace Exploration Co. v. Petroleum Dev. Co., 316 F.3d 1110, 1119 (10th Cir. 2003)(quoting Angelo v. Armstrong World Indus., Inc., 11 F.3d 957, 964 (10th Cir. 1993)). Bifurcation is often in the interest of efficiency and judicial economy when the resolution of one claim may obviate the need to adjudicate one or more other claims. See Mandeville v. Quinstar Corp., 109 Fed. Appx. 191, 194 (10th Cir. 2004). "Regardless of efficiency and separability, however, bifurcation is an abuse of discretion if it is unfair or prejudicial to a party." Angelo v. Armstrong World Indus., Inc., 11 F.3d at 964.

**RULE 404(b)**

Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Evidence of past wrongdoing may be admissible, however, to prove "other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id. See Huddleston v. United States, 485 U.S. 681, 685 (1988)("Federal Rule of Evidence 404(b) -- which applies in both civil and criminal cases -- generally prohibits the introduction of evidence of extrinsic acts that might adversely reflect on the actor's character, unless that evidence bears upon a relevant issue in the case such as motive, opportunity, or knowledge."). For evidence to be admissible under rule 404(b), the party offering the evidence must demonstrate four elements:

> (1) the evidence was offered for a proper purpose under Fed. R. Evid. 404(b); (2) the evidence was relevant under Fed. R. Evid. 401; (3) the probative value of the evidence was not substantially outweighed by its potential for unfair prejudice under Fed. R. Evid. 403; and (4) the trial court, upon request, instructed the jury to consider the evidence only for the proper purpose for which it was admitted.

United States v. Burse, 150 Fed. Appx. 829, 830-31 (10th Cir. 2005). Accordingly, the Tenth Circuit has explained that "[t]estimony which is admissible under Rule 404(b) is still subject to exclusion pursuant to Rule 403." Gust v. Jones, 162 F.3d 587, 596 (10th Cir. 1998).

**LAW REGARDING SUBSTANTIVE DUE PROCESS**

"The touchstone of due process is protection of the individual against arbitrary action of government . . . whether the fault lies in a denial of fundamental procedural fairness . . . or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective." Graves v. Thomas, 450 F.3d 1215, 1220 (10th Cir. 2006)(quoting County of Sacramento

v. Lewis, 523 U.S. 833, 845-46 (1998)). Because "only the most egregious conduct can be said to be 'arbitrary in the constitutional sense,'" County of Sacramento v. Lewis, 523 U.S. at 846 (quoting Collins v. City of Harker Heights, 503 U.S. 115, 129 (1992)), the Supreme Court has been reluctant to expand the doctrine of substantive due process, and has cautioned that "[o]nly fundamental rights and liberties which are 'deeply rooted in this Nation's history and tradition' and 'implicit in the concept of ordered liberty' qualify for such protection," Chavez v. Martinez, 538 U.S. 760, 775 (2003)(quoting Washington v. Glucksberg, 521 U.S. 702, 721 (1997)). See Graves v. Thomas, 450 F.3d at 1220 ("Substantive due process claims are not based on state law but are founded upon deeply rooted notions of fundamental personal interests derived from the Constitution.")(quoting Hennigh v. City of Shawnee, 155 F.3d 1249, 1256 (10th Cir. 1998)).

"The 'ultimate standard' for assessing an alleged violation of substantive due process is 'whether the challenged government action shocks the conscience of federal judges.'" Ward v. Anderson, No. 06-8014, 2007 U.S. App. LEXIS 17531, at *23 (10th Cir. July 24, 2007)(quoting Moore v. Guthrie, 438 F.3d 1036, 1040 (10th Cir. 2006)). To succeed on a substantive due process claim, a "plaintiff must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking." Camuglia v. City of Albuquerque, 448 F.3d 1214, 1223 (10th Cir. 2006)(quoting Uhlrig v. Harder, 64 F.3d 567, 574 (10th Cir. 1995)). More specifically, "a [42 U.S.C.] § 1983 violation based on substantive due process 'must be predicated on a state action manifesting one of two traditional forms of wrongful intent -- that is, either (1) an intent to harm; or (2) an intent to place a person unreasonably at risk of harm." Ward v. Anderson, 2007 U.S. App. LEXIS 17531, at *26 (quoting Uhlrig v. Harder, 64 F.3d at 573). In determining whether a defendant's actions shock the conscience, three principles guide the Court's analysis: (i)

the need for restraint in defining the scope of substantive due process; (ii) the recognition that 42 U.S.C. § 1983 should not be used to replace state tort law; and (iii) the propriety of deferring to local policymakers' decisions regarding public safety. See Valdez v. New Mexico, 109 Fed. Appx. 257, 262 (10th Cir. 2004).

## COMMON LAW REGARDING ASSAULT AND BATTERY

New Mexico courts have acknowledged that "the elements of civil and criminal assault and battery are essentially identical." New Mexico v. Ortega, 113 N.M. 437, 440, 827 P.2d 152, 155 (Ct. App. 1992). A tortfeasor is liable for battery if: "(a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) an offensive contact with the person of the other directly or indirectly results." Id. (quoting Restatement (Second) of Torts § 18(1)(a)-(b)). See N.M. Stat. Ann. § 30-3-4 ("Battery is the unlawful, intentional touching or application of force to the person of another, when done in a rude, insolent or angry manner."). New Mexico law defines assault as "an attempt to commit a battery" or "any unlawful act, threat or menacing conduct which causes another person to reasonably believe that he is in danger of receiving an immediate battery." N.M. Stat. Ann. § 30-3-1. Commentators have noted that "[t]he intention to do harm, or an unlawful intent, is of the very essence of an assault, and without it there can be none." Annotation, Civil Action for Assault Upon Female Person, 6 A.L.R. 985, 986-87 (quoting Raefeldt v. Koenig, 140 N.W. 56, 57 (Wis. 1913)).

## ANALYSIS

McCutcheon concedes that evidence of prior acts of sexual harassment that he is alleged to have committed is relevant to the Plaintiffs' hostile-work environment claim against the State. See McCutcheon's Memorandum at 4. He also acknowledges that evidence of alleged prior acts of

sexual harassment admitted to prove discriminatory intent is admitted for a proper purpose under rule 404(b). See McCutcheon's Memorandum at 3 (citing Wilson v. Muckala, 303 F.3d 1207, 1217 (10th Cir. 2002)). McCutcheon asserts, however, that discriminatory intent is not an element of either of the Plaintiffs' claims against him, and therefore evidence of prior acts of sexual harassment is inadmissible to prove those claims. McCutcheon contends that, because of the highly prejudicial nature of this evidence, combined with its lack of probative value with respect to the claims against him, the Court should bifurcate the trials of the Plaintiffs' claims against the two Defendants. Because the Court agrees that evidence of past acts of sexual harassment is highly prejudicial to McCutcheon, that the Plaintiffs have not articulated a proper purpose for the admission of this evidence against McCutcheon, and that bifurcating the trial may promote judicial efficiency in this case, the Court will grant McCutcheon's motion.

**I.     EVIDENCE OF PAST ACTS OF SEXUAL HARASSMENT IS NOT ADMISSIBLE TO PROVE THE PLAINTIFFS' CLAIMS AGAINST McCUTCHEON.**

The Court's analysis in resolving this motion is complicated because the State has not submitted any briefing on the issue. The State has not proffered what evidence it intends to offer in support of its defense or articulated a purpose for the presentation of any evidence of past acts that would be permissible under rule 404(b). The State has represented to the Plaintiffs and McCutcheon, however, that it intends to assert a Faragher/Ellerth defense at trial in this matter. See Plaintiffs' Memorandum Brief in Support of Motion to Compel, filed July 4, 2007 (Doc. 23), Exhibit 2, Letter from Gianna M. Mendoza to Joleen K. Youngers, Philip B. Davis, and Michael J. Cadigan at 1-2 (dated June 21, 2007)("[W]e want to make it crystal clear AOC intends to exercise its Faragher/Ellerth defense."). In asserting this defense, the State will likely have to identify prior alleged acts of sexual harassment to demonstrate that its investigation into those allegations and its

administrative and disciplinary responses were adequate.

McCutcheon concedes that "in cases of gender discrimination, evidence of alleged prior acts of sexual harassment may be used under Rule 404(b) to prove <u>discriminatory intent</u> and is, therefore, admitted for a proper purpose under Rule 404(b)." McCutcheon's Memorandum at 3 (emphasis in original)(citing <u>Wilson v. Muckala</u>, 303 F.3d at 1217).  The Tenth Circuit has cautioned, however, that "alleged previous harassment cannot be used to show that a defendant harassed a plaintiff on a specific subsequent occasion." <u>Wilson v. Muckala</u>, 303 F.3d at 1217 (citing <u>Heyne v. Caruso</u>, 69 F.3d 1475, 1480 (9th Cir. 1995)).

To succeed on their hostile work environment claim against the State, the Plaintiffs must demonstrate: "[i] that the harassment was severe or pervasive enough to alter the terms, conditions or privilege of employment[;] and [ii] that the harassment stemmed from discriminatory animus." <u>Miller v. Regents of Univ. of Colo.</u>, No. 98-1012, 1999 U.S. App. LEXIS 16712, at *36 (10th Cir. July 19, 1999)(citing <u>Trujillo v. Univ. of Colo. Health Scis. Ctr.</u>, 157 F.3d 1211, 1214 (10th Cir. 1998)).  The Plaintiffs acknowledge that, unlike the Title VII claims against the State, the Plaintiffs' claims against McCutcheon do not require proof of discriminatory intent.  <u>See</u> Plaintiffs' Response at 3.  The Plaintiffs note, however, that both their Fourteenth Amendment claim for denial of Desmare's substantive due process and their common-law claim for assault and battery require proof of McCutcheon's state of mind.  <u>See</u> Plaintiffs' Response at 3.  The Plaintiffs argue that "[e]vidence of prior bad acts will aid in proving the requisite states of mind . . . that Plaintiff Desmare must show to prevail on her Fourteenth Amendment and state common law claims." <u>Id.</u> at 4.

The Plaintiffs cite <u>Rael v. Marquez</u>, No. CIV 97-1096 JC/WWD (D.N.M. 1998)(Conway, J.), and <u>Griffin v. City of Opa-Locka</u>, 261 F.3d 1295 (11th Cir. 2001), in support of their contention

that prior acts of sexual harassment are admissible against McCutcheon. See Plaintiffs' Response at 5-6. In Rael v. Marquez, the Honorable John E. Conway, then-Chief United States District Judge, denied a supervisory defendant's motion to exclude evidence of prior acts of sexual harassment and to bifurcate the trial of the claims against him from the trial of the plaintiff's claims against the County of Santa Fe, the supervisor's employer. See Rael v. Marquez, No. CIV 97-1096 JC/WWD, Memorandum Opinion and Order, filed October 20, 1998 (Doc. 81)("Conway Opinion"). In determining that evidence concerning past acts was admissible against the supervisor, Judge Conway noted that the plaintiff's complaint included a cause of action against the supervisor brought under the Violence Against Women Act, 42 U.S.C. § 13981 ("VAWA"). See Conway Opinion at 7. Judge Conway explained that, to prevail on a claim under the VAWA, a plaintiff must demonstrate that a defendant was "motivated by gender." Conway Opinion at 7 (quoting 42 U.S.C. § 13981(c)). Judge Conway concluded that, because evidence of prior sexual harassment would be relevant to proving the supervisor's attitudes towards women, "the [p]laintiff has established a proper purpose under Rule 404(b)." Conway Opinion at 7. Because the probative value of the evidence outweighed its prejudicial value, and because Judge Conway intended to guide the jury's consideration of the evidence with a limiting instruction, Judge Conway ruled that the evidence of prior acts was admissible against the supervisor. See id. at 7-8.

In Griffin v. City of Opa-Locka, the plaintiff, a city employee, had filed suit against the city manager and the city alleging, among other claims, that the city manager engaged in a pattern of sexual harassment and that he raped her. See 261 F.3d at 1300. The city manager in Griffin v. City of Opa-Locka argued on appeal that the district court erred by failing to exclude evidence of prior acts of sexual harassment, because, while that evidence may have been admissible against the city,

it was inadmissible character evidence with respect to the claims against him. See id. at 1301. The city manager also contended that the district court's refusal to bifurcate the claims against the city from those against him resulted in prejudice. See id. In affirming the district court, the United States Court of Appeals for the Eleventh Circuit stated that "we cannot say that the district court abused its discretion in concluding that bifurcation would not significantly increase judicial efficiency or in its conclusion that bifurcation would result in the Court essentially trying the same case twice." Id. (internal quotations omitted).

The Court does not agree that the cases the Plaintiffs cite counsel for the admission of the evidence to which McCutcheon objects. The Court notes that, in Rael v. Marquez, Judge Conway based his ruling on the fact that the plaintiff had raised a claim under the VAWA. Unlike the plaintiff in Rael v. Marquez, neither of the claims that Desmare raises against McCutcheon require proof of a discriminatory animus. Likewise, the Eleventh Circuit's ruling in Griffin v. City of Opa-Locka is not persuasive, because the city manager in that case did not raise an objection under rule 404(b) to the admission of the disputed evidence at trial, nor ask the district court to issue a limiting instruction. See 261 F.3d at 1301. Reviewing for plain error only, the Eleventh Circuit held that the district court's failure to issue a limiting instruction sua sponte was not plain error and explained that, "[i]n light of our determination that the district court's failure to sua sponte provide a limiting instruction was not plain error, we need not decide whether the evidence of [the city manager's] bad acts would have actually been admissible in [the plaintiff's] case against [him]." Id.

While the Plaintiffs are correct that Desmare's claims against McCutcheon require proof of intentional conduct, those claims do not contain an element of discriminatory intent. Moreover, the Tenth Circuit has acknowledged this distinction. In Wilson v. Muckala, the plaintiff, a psychiatric

-10-

nurse at a hospital in Tulsa, Oklahoma, sued the hospital and its Chief of Staff alleging that the Chief of Staff sexually harassed her over a seven-month period. See 303 F.3d at 1212. Among other claims, the plaintiff raised a Title VII claim against the hospital and state-law claims for assault and battery against the Chief of Staff. See id. In ruling that evidence of prior acts of sexual harassment were not admissible against the Chief of Staff, the Tenth Circuit emphasized that "there is no discriminatory intent element in the claims brought against [the Chief of Staff]." Id. at 1217. The Tenth Circuit reasoned that the "[p]laintiff[] seek[s] to admit this evidence, not to show discriminatory intent, but instead to prove the fact of harassment itself -- exactly the purpose prohibited by the Plaintiff['s] cited cases and by Rule 404(b)." Id.

The danger for unfair prejudice from rule 404(b) evidence is even more significant in this case than in Wilson v. Muckala, because the parties suggest that it is not the Plaintiffs, but the State, McCutcheon's co-Defendant, who is likely to present the evidence that implicates rule 404(b). The State has not submitted any briefing on this matter, however, and has not articulated a proper purpose for the admission of this evidence.

To the extent that the Plaintiffs intend to offer this evidence against McCutcheon, the Court notes that evidence of motive or discriminatory intent is not an element of either of the claims against McCutcheon. The Plaintiffs also argue, however, that, if McCutcheon asserts a "mistake" defense, evidence of prior acts of sexual harassment will be admissible against McCutcheon. Plaintiff's Response at 4. In response to the Plaintiffs' assertion, McCutcheon maintains that he will not argue a defense of "mistake" at trial. McCutcheon's Reply at 4.

The Plaintiffs have also alleged that evidence of McCutcheon's prior bad acts is admissible against McCutcheon with respect to the issue whether punitive damages are appropriate in this case.

See Plaintiffs' Response at 6-7. None of the cases the Plaintiffs cite for this proposition, however, require the Court to admit evidence of prior bad acts or explain why rule 404(b)'s prohibitions would not be applicable to evidence related to punitive damages.

To the extent that the evidence of prior bad acts the Plaintiffs wish to introduce involves harm McCutcheon caused to individuals other than Desmare, the Plaintiffs have not provided the Court with enough information about how they intend to present evidence regarding punitive damages for the Court to determine whether that evidence might be admissible. The Supreme Court of the United States has recently held that the Due Process Clause prohibits a jury from basing an award of punitive damages on its desire to punish a defendant for harming persons who are not parties to the suit. See Philip Morris USA v. Williams, 127 S. Ct. 1057, 1060 (2007). The Supreme Court in Philip Morris USA v. Williams explained that, while "a plaintiff may show harm to others in order to demonstrate reprehensibility[,] . . . a jury may not go further than this and use a punitive damages verdict to punish a defendant directly on account of harms it is alleged to have visited on nonparties." Id. at 1064. Because the Plaintiffs have not indicated whether they will present evidence of harms to other individuals as the basis of a punitive damages award or merely to demonstrate reprehensibility, the Court cannot determine, at this point in the proceedings, whether the evidence to which McCutcheon objects will be admissible evidence in support of the Plaintiffs' claims for punitive damages. Moreover, even if such evidence is admitted to demonstrate reprehensibility, the Court may entertain a motion to bifurcate the punitive damages claim from the rest of the trial, to avoid the jury using the prior acts to establish liability.

Finally, even assuming that evidence of prior bad acts may be admissible to prove certain elements of the Plaintiffs' request for punitive damages, the Plaintiffs have still not established that

the same evidence is admissible against McCutcheon to establish liability on the substantive claims against him. The Plaintiffs cite EEOC v. HBE Corp., 135 F.3d 543 (8th Cir. 1998), for the proposition that, "[w]here evidence relevant to punitive damages is also relevant to liability, it is no abuse of discretion to deny bifurcation." Plaintiffs' Response at 7. In EEOC v. HBE Corp., the EEOC, on behalf of former employees, won a judgment for liability and punitive damages in association with racial discrimination claims raised under Title VII and the Missouri Human Rights Act, Mo. Ann. Stat. §§ 213.055 and 213.070. See EEOC v. HBE Corp., 135 F.3d at 549. In affirming the district court's decision not to bifurcate the claims for liability from those for punitive damages, the United States Court of Appeals for the Eight Circuit acknowledged that "consolidation is inappropriate . . . if it leads to inefficiency, inconvenience, or unfair prejudice to a party," but countered that, in EEOC v. HBE Corp., "evidence of racially discriminatory conduct was relevant on issues of liability, racial animus of managers, and punitive damages." Id. at 551 (internal citations omitted).

The Plaintiffs argue that "[e]vidence of Defendant McCutcheon's prior bad acts will be admissible . . . on Plaintiffs' punitive damages claims brought in regard to all three Counts in the Complaint as well as on the liability issues raised in all those Counts of the Complaint." Plaintiffs' Response at 7. Unlike the plaintiffs in EEOC v. HBE Corp., however, the Plaintiffs have not adequately explained how evidence of past acts of sexual harassment is relevant to establishing McCutcheon's liability in association with the claims Desmare raises against him. Absent an articulation of a proper purpose, the Court believes that the Plaintiffs wish to admit this evidence against McCutcheon "to prove the fact of the harassment itself -- exactly the purpose prohibited . . . by Rule 404(b)." Wilson v. Muckala, 303 F.3d at 1217. See Beck's Office Furniture & Supplies

v. Haworth, Inc., Nos. 95-4018 & 95-4029, 1996 U.S. App. LEXIS 20608, at \*\*34-35 (10th Cir. Aug. 16, 1996)(affirming district court's application of rule 404(b) to exclude evidence of prior bad acts offered in support of punitive damages and tort claims). The Court concludes that, based on the record before it, evidence of past acts of sexual harassment is not admissible with respect to the Plaintiffs' claims against McCutcheon.

On the other hand, the Court is concerned that, coming before discovery, this motion is somewhat premature. The Court notes that some of the determinations it has been compelled to make are more similar to those that often come in the context of a motion in limine, rather than during the discovery phase of a case. In addition, because the State has not submitted any briefing on this issue, the Court has had to rely on McCutcheon's and the Plaintiffs' representations regarding the purposes for which the State may offer this evidence. To the extent the Plaintiffs may choose to present this evidence, they have presented very little information regarding for what purposes they may wish to present it. Accordingly, the Court will grant McCutcheon's motion, but will do so without prejudice to the Plaintiffs filing a motion to reconsider if, after discovery, the Plaintiffs are able to articulate a proper purpose for the admission of the evidence to which McCutcheon objects in support of Desmare's claims against McCutcheon.

## II. BIFURCATION IS NECESSARY TO AVOID UNFAIR PREJUDICE.

The Plaintiffs assert that bifurcation of the trial will unfairly prejudice them, because they will be obliged to try a significant portion of their case twice. See Plaintiffs' Response at 7. The Plaintiffs also argue that bifurcation will result in a waste of judicial resources. See id. The Plaintiffs' efficiency arguments, however, are based on the premise that the evidence admissible to prove their claims against the State will be the same as, or at least will overlap substantially with,

the evidence admissible to prove their claims against McCutcheon. Because, based on the record before it, the Court disagrees that evidence of past sexual harassment will be admissible against McCutcheon, the Court does not believe that the danger of prejudice to the Plaintiffs and matters of judicial economy trump the risk of unfair prejudice to McCutcheon. Cf. Conway Opinion at 8 (declining to bifurcate because evidence of alleged prior misconduct was admissible against the individual defendant and his employer). There is no question that the presentation of evidence of past alleged acts of sexual harassment would be damaging to McCutcheon because of their suggestion that McCutcheon has a propensity to commit such acts. Such evidence is the proof that rule 404(b) is designed to exclude.

One of the most important considerations before the Court is whether there is any prejudice to the non-moving parties in granting this motion. See Angelo v. Armstrong World Indus., Inc., 11 F.3d 957, 964 (10th Cir. 1993)("Regardless of efficiency and separability, however, bifurcation is an abuse of discretion if it is unfair or prejudicial to a party."). The Court notes, first, that the State has not taken any position on this motion and has not filed a written response to the motion.[1] While the Court is sensitive to the burdens that separate trials might impose upon the Plaintiffs, the Court is not convinced that the legal issues and evidence relevant to their claims against the State are so similar to those relevant to Desmare's claims against McCutcheon that separate trials would "requir[e] them to try 'essentially the same case twice.'" Plaintiffs' Response at 8 (quoting Griffin v. City of Opa-Locka, 261 F.3d at 1301). The Court also understands that, as a practical matter, the result of the trial of Desmare's claims against McCutcheon may obviate or reduce the need to litigate

---

[1] Pursuant to the Court's local rules, "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b).

all of the issues at play in the action between the Plaintiffs and the State. If McCutcheon were to defend himself against Desmare's claims successfully, the Plaintiffs may choose to re-evaluate the strength of their case against the State, and make a decision about the amount of resources they want to continue to invest in the case.

The Plaintiffs have not made any other showing that separate trials would prejudice their case. The Plaintiffs would, of course, prefer to have evidence presented that demonstrates McCutcheon's propensity to commit acts of sexual harassment in the case against both Defendants, but that is not a "prejudice" as much as a tactical advantage that will be lost in fairness to McCutcheon. Other than the loss of that strategic maneuver, which the application of rule 404(b) mandates, separation may actually be to the Plaintiffs' advantage. Separation will allow the Plaintiffs to concentrate on one claim at a time. Moreover, if Desmare prevails on one or both of her claims against McCutcheon, the Plaintiffs will have very powerful evidence in support of at least one of the elements of their Title VII claim against the State. On the other hand, if McCutcheon prevails, it will give the Plaintiffs an opportunity to refocus their strategy before conducting the second trial and/or an opportunity to re-evaluate their case, and to determine whether they wish to continue investing significant resources into it.

The Court is concerned that there could be prejudice to McCutcheon if the Plaintiffs' case against the State is tried simultaneously with their case against him. Without separate trials, McCutcheon's defense may be undermined by the Plaintiffs' or his Co-Defendant's presentation of propensity evidence that would not otherwise be admissible against him. To avoid this prejudice, because the State has not objected to this motion, and because the Court believes that bifurcation may promote judicial economy, the Court will grant the motion and bifurcate the trials of the

Plaintiffs' claim against the State from Desmare's claims against McCutcheon.

**IT IS ORDERED** that Defendant Ted McCutcheon's Motion to Bifurcate Trials is granted. The motion is granted without prejudice to the Plaintiffs filing a motion to reconsider, if, after discovery, the Plaintiffs are able to articulate a proper purpose for the admission of the evidence to which McCutcheon objects in support of Desmare's claims against McCutcheon.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Philip B. Davis
Albuquerque, New Mexico

- - and - -

Joleen K. Youngers
Almanzar & Youngers, P.A.
Las Cruces, New Mexico

    *Attorneys for the Plaintiffs*

Michael J. Cadigan
Cadigan Law Firm, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendant Ted McCutcheon*

James P. Sullivan
Brennan & Sullivan, P.A.
Santa Fe, New Mexico

    *Attorneys for Defendant State of New Mexico*